# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| PUBLIC SERVICE COMPANY OF OKLAHOMA, an Oklahoma corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-10-651-D |
| A PLUS, INC., an Oklahoma corporation, a/k/a JARVIS FURNITURE, a/k/a A PLUS SPRAYING; RANDEL R. STONE, an individual; and KIMBERLY A. STONE, an individual, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Defendants' Motion for a Protective Order [Doc. No. 23], seeking to preclude discovery of the personnel file of Defendant Randel R. Stone ("Stone") during his previous employment at the Oklahoma Highway Patrol ("OHP"). Plaintiff timely objected to the motion.

As Defendants point out, the file at issue was subpoenaed by Plaintiff. Defendants moved to quash the subpoena [Doc. No. 21], and the Court directed Defendants to amend that motion to include a copy of the challenged subpoena. *See* October 13, 2010 Order [Doc. No. 22]. Before Defendants could comply, they learned the file had already been produced to Plaintiff. Defendants then filed this motion, asking the Court to direct Plaintiff to return the file to the OHP or to destroy the copy in Plaintiff's possession. Defendants contend the personnel file contains no evidence relevant to the claims or defenses in this action and is thus not within the proper scope of discovery prescribed by Fed. R. Civ. P. 26(b). In the alternative, Defendants ask the Court to

conduct an *in camera* review to determine whether the file, or any portion thereof, is properly discoverable.

Plaintiff objects to the requested protective order; initially, it argues the motion is untimely. Alternatively, Plaintiff contends the personnel file is relevant, and Defendants have failed to establish the good cause required for a protective order precluding its discovery. Plaintiff also opposes Defendants' alternative request for *in camera* review, contending such review is inappropriate.

Plaintiff argues the motion is untimely because it was not filed until after the date on which the subpoena required the OHP to produce the file. According to Plaintiff, the OHP produced the file on October 13, 2010, and Defendants' motion for a protective order was not filed until October 15, 2010. Plaintiff acknowledges the fact that Defendants sought to preclude production of the file by filing a motion to quash, that the Court directed Defendants to amend that motion, and that the Court's Order directing the amended motion was not filed until October 13, the same day that OHP produced the file. Nonetheless, Plaintiff contends Defendants should have sought a protective order on an earlier date. The Court disagrees. Given these unique circumstances, the Court finds that Defendants attempted to assert their objection to production of the file in a timely manner. Thus, their motion will not be denied on this basis.

Plaintiff next argues that Defendants have failed to establish good cause for a protective order. As Plaintiff notes, the Court may issue a protective order upon a showing of good cause and for the purpose of protecting a party or person from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiff also correctly argues that the burden of establishing good cause is on the party seeking the protective order.

2

Plaintiff overlooks the fact that Defendants do not argue a protective order is required to protect them from the annoyance, embarrassment, oppression or undue burden or expense that would result from the production of otherwise relevant material. Instead, Defendants argue that the OHP personnel file is not properly subject to discovery because it is not relevant to any party's claims or defenses.

Pursuant to the Federal Rules of Civil Procedure, discovery must be relevant, and a trial court has the authority to limit the scope of discovery:

> (1) ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Where, as in this case, "a party objects that discovery goes beyond that relevant to the claims or defenses, 'the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.'" *In re Cooper Tire & Rubber Co.*, 568 F. 3d 1180, 1188-89 (10th Cir. 2009)(quoting Fed. R. Civ. P. 26 advisory committee's note (2000)).

Plaintiff contends the OHP personnel file is relevant because it allegedly contains evidence to support its claim that Stone and the other defendants engaged in fraudulent conduct related to invoices submitted to Plaintiff by, or on behalf of, defendant A Plus, Inc. Plaintiff argues the file contains information regarding Stone's salary as an OHP officer; it contends that Stone's payroll information is discoverable because it reflects financial records which are relevant to Plaintiff's allegations that he engaged in fraudulent financial transactions. Plaintiff also argues the OHP

3

personnel file reflects that Stone met with Plaintiff's employee, Joe Mayfield, while Stone was on duty as an OHP officer. According to Plaintiff, Joe Mayfield approved the allegedly fraudulent invoices submitted by Defendants, and he may have received funds from the payment of those invoices. In addition, Plaintiff contends information in the OHP personnel file might be used to impeach Defendants; it further argues the file may contain character evidence and/or evidence of habit. Plaintiff argues that, at a minimum, the payroll information in the file is "clearly relevant." Plaintiff's brief, at page 5. Defendants disagree, arguing the file contains information which is not relevant to the claims or defenses in this case.

To determine whether a protective order should prohibit disclosure of all or part of the OHP personnel file, the Court must first determine whether the file, or any portion thereof, is relevant. The Court cannot make that determination without examining the file. However, Plaintiff objects to an *in camera* review of the file, arguing that such review is inappropriate. Plaintiff contends *in camera* review is disfavored, and should not be ordered unless the requesting party has established certain threshold evidence.

The Court has reviewed the authorities on which Plaintiff relies, and concludes that they are distinguishable from the facts of this case. Its contention that *in camera* review is generally disfavored is based on *PHE, Inc. v. Dept. of Justice*, 983 F. 2d 248, 252 (D. C. Cir. 1993), a case involving the government's effort to preclude production of certain documents which were requested pursuant to the Freedom of Information Act ("FOIA"). The FOIA contains a specific provision allowing *in camera* review of documents when an agency argues those documents are not subject to disclosure under the FOIA. 5 U. S. C. § 552(a). However, the court in *PHE* noted *in camera* review under the FOIA is generally disfavored, adding that it is "not a substitute for the

4

government's obligation to justify withholding" documents governed by the FOIA. *Id.* at 252-53. The Court concludes the decision in *PHE* does not militate against *in camera* review in this case.

Plaintiff also argues a party requesting *in camera* review must "make a threshold showing that such review is appropriate," and a court should not grant such review merely because a party "begs" for it, citing *United States v. Zolin*, 491 U.S. 554, 570 (1989). *Zolin* is also factually distinguishable from this case. It involved the government's claim that certain documents covered by the attorney-client privilege should be discoverable pursuant to the crime-fraud exception to the attorney-client privilege. The Court discussed at some length issues related to *in camera* examination of documents for which an attorney-client privilege is asserted, as well as issues associated with the crime-fraud exception. Applying Fed. R. Evid.104(a), the Court held that rule does not prohibit *in camera* review in such circumstances, but held the party asserting the crime-fraud exception must initially make a "threshold showing that such review is appropriate." *Zolin,* 491 U.S. at 570.

The undersigned concludes that *Zolin* does not preclude *in camera* review in this case. In fact, the Court noted that *in camera* review is neither prohibited nor uncommon:

> Indeed, this Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection, *see Kerr v. United States District Court for Northern District of Cal.*, 426 U.S. 394, 404-05 (1976), and the practice is well established in the federal courts. *See, e.g., In re Antitrust Grand Jury,* 805 F. 2d 155, 168 (th Cir. 1986); *In re Vargas*, 723 F.2d 1461, 1467 (10th Cir. 1983); *United States v. Lawless*, 709 F.2d 485, 486, 488 (7th Cir. 1983); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982).

*Id.* at 568-69.

Where, as here, discovery of a personnel file is challenged, several courts have required submission of the file for *in camera* review prior to determining whether its discovery is proper.

5

*See, e.g., Wilson v. Enoch,* 1998 WL 566795, at *2 (E. D. La. 1998) (unpublished opinion) (citing *Atkinson v. Denton Pub. Co.*, 84 F. 3d 144, 148 (5th Cir. 1996)); *General Elec. Capital Corp. v. DirecTV, Inc.*, 1998 WL 34338502, at *4 (D. Conn. 1998) (unpublished opinion). As the Tenth Circuit has noted, "personnel files often contain sensitive personal information...it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F. 3d 641, 648 (10th Cir. 2008). However, "[t]his is not to say personnel files are categorically out-of-bounds." *Id.* at 649. Although the Circuit did not discuss whether *in camera* review had preceded the trial court's ruling, it affirmed the ruling that a request to produce the entire personnel file was overly broad; instead, a narrowly tailored request for specific information in the file could have been properly granted. *Id.*

Because the parties in this case dispute whether the OHP personnel file is within the proper scope of discovery, the Court must necessarily determine whether the file, or any portion thereof, is relevant within the meaning of Rule 26. The Court cannot make that determination without examining the file.

Accordingly, the parties are directed to submit the file for *in camera* review. Plaintiff is also directed to file a succinct list of the specific bases for its contention that the file, or specific portions thereof, is within the scope of discovery; Defendants are directed to file a succinct list of the specific bases for their contrary contention. In its list, Plaintiff is directed to identify, by page number, title or other clear means, the specific document(s) which it contends should be disclosed, and the claim to which that document applies. Similarly, Defendants are directed to identify, by the same means, the document(s) they contend must be withheld. The parties shall file their respective lists no later than December 1, 2010; the OHP personnel file shall be submitted to the

Court's chambers no later than 4:00 p.m. on December 2, 2010. After reviewing the OHP personnel file and the parties' submissions, the Court will determine whether a hearing will be required prior to issuing a ruling on the requested protective order.

IT IS SO ORDERED this 19th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE